## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LISA DORNELL DANIELS,           :
                                :
     Plaintiff,           :
                                :
v.                              :    CIVIL ACTION NO.
                                :    1:14-CV-00611-RWS
DEPARTMENT OF THE               :
UNITED STATES NAVY,             :
                                :
     Defendant.           :
                                :
                                :

## ORDER

On March 3, 2014, Magistrate Judge Janet F. King granted Plaintiff Lisa Dornell Daniels leave to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination. After reviewing the record, the Court enters the following Order.

### Background

In her Complaint [3], Plaintiff alleges that she was subject to unfair treatment at the North Little Rock, Arkansas Naval Operation Service Center.[1]

---

[1]Plaintiff filed a separate suit on the same day against the Department of Veterans Affairs. See No. 1:14-CV-00612-RWS. Plaintiff appears to have mixed up the second page of her complaints in these cases, which each refer to the defendant in the other case. For the purposes of this Order, the Court considers the factual

Plaintiff served for 17 years in the United States Marine Corps, Navy, and Navy Reserve.  (Dkt. [4-1].)  In a subsequent motion, Plaintiff alleges that the Navy did not follow proper protocol when she filed repeated complaints with her superiors and requested a list of officers in her chain of command.  (Dkt. [4-1, 4-3].)  She also states that the Navy failed to pay her in a timely manner and then administratively discharged her due to inadequate drill attendance.  (Dkt. [4-1].)

### Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

---

allegations of each page in its corresponding case.

The Court finds that Plaintiff's suit is due to be dismissed because the Court lacks jurisdiction to resolve her claims.  "[C]ivilian courts have traditionally deferred to the superior experience of the military in matters of duty orders, promotions, demotions, and retentions."  Speiger v. Alexander, 248 F.3d 1292, 1298 (11th Cir. 2001) (internal quotation marks omitted). Therefore, the Eleventh Circuit has held that claims brought against the military by enlisted personnel "for injuries incident to service are nonjusticiable."  Id. To determine if an injury was incident to service, courts consider "(1) the duty status of the service member, (2) the place where the injury occurred, and (3) the activity the serviceman was engaged in at the time of injury."  Pierce v. United States, 813 F.2d 349, 352-53 (11th Cir. 1987).  For instance, in Speiger the court dismissed a claim by a former member of the Alabama National Guard alleging racial discrimination and denial of equal protection and due process based on his non-retention after an annual review.  Id. at 1294.  The court held that military personnel decisions are incident to service and thus nonjusticiable. Id. at 1298.

In this case, Plaintiff's allegations relate to grievances she reported while enlisted, as well as the circumstances of her ultimate separation from the Navy.

3

These are the very types of issues the Court is precluded from trying.  Just as "dictat[ing] to the military which officers should be considered competent" would improperly interfere with military decision-making, see Speigner, 248 F.3d at 1298, so too would meddling in the Navy's process of handling internal complaints and requests from enlisted personnel.  Consequently, Plaintiff's claims are nonjusticiable.  Therefore, this action is due to be **DISMISSED without prejudice**.

**Conclusion**

For the foregoing reasons, this case is **DISMISSED without prejudice**, and Plaintiff's Motions to Seal [4, 5] and Motion to Speak to Judge Story [6] are **DENIED as moot**.

**SO ORDERED**, this  23rd  day of April, 2014.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)